# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

MARKOS N. PAPPAS,           )
                           )
            Plaintiff,     )
                           )
vs.                        )    Case No. CIV-12-0753-F
                           )
UNITED STATES OF AMERICA,   )
                           )
            Defendant.     )

## ORDER

Before the court are the Supplemental Report and Recommendation of United States Magistrate Judge Gary M. Purcell, doc. no. 52 (the Report), and plaintiff's Objections to that Report. Doc. no. 56. The Report addresses defendant's motion to dismiss. Doc. no. 36.

This action is brought by plaintiff, a federal prisoner who appears pro se, alleging claims under the Federal Tort Claims Act. The claims are described in detail in the Report but the gist of them is as follows.

In count one, labeled "negligent/wrongful deprivation of a mattress resulting in physical/emotional injuries," plaintiff alleges that he was deprived of a mattress due to disciplinary punishment ordered by Disciplinary Hearing Officer (DHO) J. Haines, and also due to the (alleged) fact that plaintiff was deprived of a mattress for measurably longer periods than called for by the disciplinary sanction. As made clear by the allegations and his briefing, plaintiff contends that both the "as ordered" and "as carried out" aspects of his claim (court's terminology) deprived him of a mattress in violation of federal regulations.

In count two, labeled "negligent/wrongful deprivation of out-of-cell exercise resulting [in] injuries," plaintiff alleges that he was deprived of out-of-cell exercise in violation of federal regulations which require minimum periods of out-of-cell exercise. The complaint alleges that this deprivation occurred because Bureau of Prisons (BOP) staff would falsely mark down that plaintiff "refused" out-of-cell exercise.

The Report recommends granting the motion to dismiss. More specifically, the Report recommends dismissing the first claim with prejudice, for lack of jurisdiction. Doc. no. 52, p. 22. This recommendation is based on the Magistrate Judge's conclusion that the United States has not waived its immunity to suit under the FTCA because the mattress-deprivation claim falls within the discretionary function exception to the FTCA's waiver. As seen from the discussion which follows, the court declines to adopt this recommendation. The Report recommends dismissing plaintiff's second claim for failure to state a plausible claim for relief under the FTCA. *Id*. The Report reaches this conclusion because an FTCA claim premised on intentional infliction of emotional distress is not plausible here. The court agrees with this conclusion but declines to dismiss the out-of-cell exercise claim in its entirety because plaintiff has not limited this FTCA claim to one premised on intentional infliction of emotional distress.

Plaintiff's Objections to the Report

Plaintiff objects to dismissal and has submitted fourteen separate objections to the Report. Some of plaintiff's objections are merely cosmetic in nature and do not substantially impact the analysis or results recommended in the Report. Nevertheless, the court has considered all objections, including all sub-parts of all objections (although not all sub-parts are specifically addressed in this order). All objected to matters have been reviewed de novo.

## 1.

In his first objection, plaintiff contends that the last paragraph on page 4 which continues on page 5 of the Report is "defense's version of certain events" and is irrelevant. The statements in question are attributed to DHO Haines and are relevant. This objection is without merit.

## 2.

In his second objection, plaintiff asserts that the Magistrate Judge has reversed the sequence of stages of the administrative appeal process as described on pages 5 and 6 of the Report. It appears the Magistrate Judge reversed the sequence. See dates of signatures, doc. no. 36-2, pp. 1, 3. The objection is well taken but the reversal of the sequence is inconsequential.

## 3.

In his third objection, plaintiff takes issue with the Report's reference to or reliance on plaintiff's habeas litigation relative to the finding of guilt. Plaintiff asserts that the discussion of his habeas petition on page 8 of the Report is irrelevant. It was appropriate for the Magistrate Judge to include this paragraph. This objection is without merit.

## 4.

In his fourth objection, plaintiff takes issue with the use of the word "concedes" at page 9 of the Report. Plaintiff contends this is an unfair and inaccurate characterization of what he actually argued in his response to the motion to dismiss. He contends that what he intended to convey in his response was that he should be permitted to add constitutional claims separate and apart from his FTCA claims. This portion of the Report reveals that the Magistrate Judge interpreted plaintiff's arguments as seeking to bring FTCA claims premised on constitutional claims, and the court construes this portion of the Report as determining only that issue. This was

an appropriate understanding of plaintiff's argument at the time, especially because the complaint clearly alleges as follows. "This is not a civil rights or Bivens-type complaint. This is a complaint pursuant to the federal Tort Claims Act ("FTCA")...." Doc. no. 1, p. 1. at n.*.  Plaintiff's fourth objection is without merit.

5.

In his fifth objection, plaintiff challenges the Magistrate Judge's conclusion that the court lacks jurisdiction over constitutional claims in this FTCA action. The Report correctly concludes that "constitutional claims are not within the purview of the FTCA," and that "The Court lacks jurisdiction to consider [plaintiff's] constitutional claims against Defendant USA under the FTCA...." Doc. no. 52, p. 11.[1] This objection is without merit.

6.

In his sixth objection, plaintiff takes issue with the Magistrate Judge's finding at p. 11 of the Report that "Plaintiff does not allege a breach of any duty under Oklahoma law." As the Report correctly states, because they are brought as FTCA claims, plaintiff's claims depend on a violation of state law.  To satisfy this requirement, plaintiff argues, first, that his claims allege intentional infliction of emotional distress (IIED). Secondly, citing Caldwell v. United States, 1993 U.S.App.

---

[1]The balance of the quoted sentence recommends dismissal with prejudice for failure to state a claim. However, dismissals for lack of jurisdiction based on the United States's failure to waive its sovereign immunity, should be dismissals without prejudice. See, F.D.I.C. v. Meyer, 510 U.S. 471, 476-778 (1994) (issue of whether there is a cognizable claim for violation of a constitutional right under the FTCA discussed as a jurisdictional issue concerning whether the United States has waived its sovereign immunity); Rural Water Sewer and Solid Waste Management, Dist. No. 1, Logan County, Oklahoma v. City of Guthrie, 654 F.3d 1058, 1069 at n.9 (10th Cir. 2011) (dismissals based on sovereign immunity must be without prejudice). Therefore, the court will adopt the Magistrate Judge's recommendation that constitutional claims purportedly brought under the FTCA will be dismissed, but not the Magistrate Judge's recommendation that such claims be dismissed with prejudice.

LEXIS 4613 (10th Cir. Mar. 3, 1993),[2] plaintiff asserts that the Tenth Circuit has found that Oklahoma recognizes a duty of custodial care, the standard for which is set by federal statutes or regulations. Citing <u>Howard v. Zimmer</u>, 299 P.3d 463 (Okla. 2013), plaintiff argues that "Oklahoma law allows private individuals to maintain a parallel claim for negligence per se based on violation of a federal regulation whose enforcement lies with a governmental entity." Thus, under <u>Howard v. Zimmer</u>, plaintiff argues that he has alleged an FTCA claim based on Oklahoma law.

In <u>Howard v. Zimmer</u>, the Oklahoma Supreme Court reiterates Oklahoma's recognition of a cause of action for negligence per se based on the violation of a federal regulation when the claimed injury was caused by the violation, the injury was of the type intended to be prevented by the regulation, and the injured party was one of the class intended to be protected by the regulation. *Id*. at 465, n.3. As described in <u>Howard v. Zimmer</u>, negligence per se is a theory which enables a plaintiff to establish, as a matter of law, that defendant's conduct constituted a breach of duty in a negligence action so that only causation and damages need be proved. *Id.* Thus, the negligence per se doctrine goes to the manner in which a plaintiff is required to prove his negligence claim.[3]

---

[2]The court is unable to locate a reported decision of the <u>Caldwell</u> case. <u>United States v. Caldwell</u>, dated March 3, 1993, is referenced in a table of decisions without reported opinions, at 986 F.2d 1426. In the Tenth Circuit, unpublished decisions are not precedential.

[3]The complaint alleges, and plaintiff's briefing in response to the motion to dismiss argues, that defendant's actions with respect to the taking of plaintiff's mattress, as well as defendant's handling of the out-of-cell exercise issue, violated BOP regulations. Thus, although plaintiff did not use the phrase "negligence per se" in his complaint or in his briefing before the Magistrate Judge, this particular theory of negligence is not a new theory raised for the first time in objections to the Report. Additionally, pro se parties' pleadings are more liberally construed than pleadings composed by lawyers. <u>Andrews v. Heaton</u>, 483 F.3d 1070, 1076 (10th Cir. 2007).

Plaintiff's briefing does not address the specific elements of the negligence per se doctrine as applied to his claims. Nevertheless, at least with respect to his mattress-deprivation claim, plaintiff arguably could establish a breach of duty based on BOP employees' alleged violation of the governing regulations. In particular, see 28 C.F.R. §541.21(b) (continuously in effect through July 19, 2011) stating: "Living conditions may not be modified for the purpose of reinforcing acceptable behavior...." and § 541.21(c)(3)(2010) (continuously in effect through July 19, 2011) stating: "Staff shall furnish a mattress and bedding," and "An inmate may not be segregated without clothing, mattress, blankets and pillow, except when prescribed by the medical officer for medical or psychiatric reasons." Accordingly, the court respectfully disagrees with the Report's statement that plaintiff has not alleged a breach of any duty under Oklahoma law. This aspect of plaintiff's sixth objection is well taken.

7.

In his seventh objection, plaintiff challenges the Magistrate Judge's finding that the discretionary function exception bars plaintiff's FTCA claims. In support, plaintiff adopts the arguments in his response to the motion to dismiss, doc. no. 49 at pp. 3-8.

Plaintiff's seventh objection is well taken to the extent that plaintiff objects to application of the discretionary function exception to his mattress-deprivation claim. For reasons explained in connection with plaintiff's ninth objection, the court finds that the 2011 regulations relied on by the defendant and by the Magistrate Judge never became effective, even under their original effective date, until the impounding of plaintiff's mattress had already been ordered as a disciplinary sanction. As a result, the court disagrees with the Magistrate Judge's conclusion that plaintiff's mattress-deprivation claim should be dismissed based on the discretionary function exception.

Instead, plaintiff's mattress-deprivation claim will be referred back to the Magistrate Judge for further proceedings.[4]

The discretionary function exception as it relates to plaintiff's out-of-cell exercise claim is addressed under the twelfth objection.

8.

In his eighth objection, plaintiff challenges the Magistrate Judge's failure to address whether application of the discretionary function exception is a factual issue for trial. Other findings stated in this order render this objection moot.

9.

Plaintiff's ninth objection relates to the mattress deprivation claim. Plaintiff objects to the Magistrate Judge's reliance on regulations which became effective on June 20, 2011, having had their original effective date of March 1, 2011 extended on March 1, 2011 to June 20, 2011. For reasons explained below, this objection is well taken.

The Magistrate Judge appears to have incorrectly concluded that the amended regulations became effective in December of 2010. (For example, the Report states: "Given the fact that the relevant regulations governing segregated housing unit conditions were amended effective in December 2010 and the effectiveness of those amended regulations was delayed in March 2011, AFTER DHO Haines imposed the mattress-removal sanction upon Plaintiff in his February 2011 disciplinary proceeding, DHO Haines could reasonably have relied on the BOP's amended regulation which specified that a mattress and bedding must be provided to inmates

---

[4]Depending on how the Magistrate Judge determines future issues, proceedings may need to address: grounds for dismissal not addressed in the Report but urged in the motion, the viability of the mattress-deprivation claim as an FTCA claim premised on negligence per se, and whether plaintiff should be permitted to allege or proceed with his mattress-deprivation claim as an FTCA claim premised on intentional infliction of emotional distress.

confined in a SHU for sleeping purposes only." Doc. no. 52, p. 16, underlining added.)

The amended version of the regulation, however, never became effective in December of 2010. Rather, the amended version was adopted on December 8, 2010 to expressly become effective for the first time on March 1, 2011. *See*, 75 FR 76263-01, 2010 WL 4956298 (F.R.) ("This rule is effective on March 1, 2011."). The disciplinary sanction which called for plaintiff's mattress to be impounded (which the court may consider at this stage because the sanction is referenced in, and is central to, the complaint) is dated February 16, 2011. Doc. no. 36-1, p. 3 (impound mattress from 0700-1900 while on disciplinary segregation), p. 4 (sanction signed on 2/16/11). Once the effective date is corrected, the Report's rationale fails because DHO Haines was afforded no discretion by a version of the regulation not then in effect. *See*, Berkovitz v. United States, 486 U.S. 531, 536 (1988) (the exception will not apply when a federal regulation specifically prescribes a course of conduct which was not followed because, in this event, the employee has no rightful option but to adhere to the directive and no discretion is involved). In these circumstances it also cannot be concluded, as the Report did, that "DHO Haines could reasonably have relied on the BOP's amended regulation," doc. no. 52, p. 16 (if reasonable reliance could be construed as the issue).

Having rejected the sole reason used by the Report to support dismissal of the mattress-deprivation claim, this claim will not be dismissed at this stage.

10.

Plaintiff's tenth objection also relates to the mattress-deprivation claim. Plaintiff asserts that whether the regulations effective during 2010 or the regulations effective in 2011 applied, sanctions listed in those regulations do not include

"impound mattress." Plaintiff is correct. Defendant has identified no regulation which specifically authorized the impounding of a mattress.

11.

Plaintiff's eleventh objection primarily pertains to the mattress-deprivation claim. However, in this objection, plaintiff also objects, in general terms, to the Magistrate Judge purportedly raising sua sponte the discretionary function exception. The Magistrate Judge did not raise this issue sua sponte. *See*, motion to dismiss, doc. no. 36, pp. 9-16. This aspect of plaintiff's eleventh objection is without merit.

In the eleventh objection, plaintiff also challenges the Magistrate Judge's application of the discretionary function exception to the alleged failure of BOP staff to provide plaintiff a mattress "at all for a total of 6 days over a 30-day period" and for less time than required by the "impound mattress sanction for the other 24 days of the 30-day period." Doc. no. 56, p. 9. In other words, plaintiff objects to dismissal of the "as carried out" aspect of his mattress-deprivation claim in which plaintiff alleges that he was deprived of a mattress for periods measurably longer than called for by the disciplinary sanction. As shown by the discussion below, this aspect of plaintiff's eleventh objection is well taken.

To support dismissal of this aspect of plaintiff's claim, the Report relied on the conclusion that the sanction (as ordered) came within the discretionary function exception (a conclusion the court has now rejected). From that starting point, the Report reasons that the exception is broad enough to apply even to a subsequent abuse relating to the manner in which the ordered sanction was carried out. Doc. no. 52, p. 17. The court does not read the discretionary function exception so broadly.

Accordingly, the court disagrees with the Report's recommendation that the "as carried out" aspect of the mattress-deprivation claim be dismissed because it falls within the discretionary function exception to the FTCA's waiver of immunity. At

least as alleged, this aspect of the mattress-deprivation claim does not come within the discretionary function exception.

12.

In his twelfth objection, plaintiff disagrees with the Magistrate Judge's recommendation to dismiss the out-of-cell exercise claim, which plaintiff continues to characterize (as he did in his complaint) as a claim of "negligent/wrongful denial of out-of-cell exercise periods as mandated by federal regulations." Doc. no. 56, p. 9. Plaintiff urges the same objections as those stated in his sixth objection. Thus, he asserts that doctrines of state tort law (negligence per se as articulated in <u>Howard v. Zimmer</u>, and intentional infliction of emotional distress) support his FTCA claim for deprivation of out-of-cell exercise.

To the extent that plaintiff's FTCA claim for out-of-cell exercise claim is premised on an IIED theory, the court agrees with the Magistrate Judge that such a claim is not plausible and should be dismissed.[5] The court, however, declines to adopt the recommendation that plaintiff's second claim be dismissed, at this point, in its entirety. The second claim is clearly alleged as a claim for negligence based on violation of federal regulations, and plaintiff's response brief did not discard the negligence aspect of this claim.[6] Therefore, the balance of the out-of-cell exercise

---

[5]Following a lengthy discussion of the IIED tort, the Report states that plaintiff "has not stated a plausible claim for negligence under Oklahoma law." Doc. no. 52, p. 20. The court presumes the Report intended to conclude that plaintiff had not stated a plausible claim for intentional infliction of emotional distress under Oklahoma law.

[6]<i>See, e.g.</i>, doc. no. 49, p. 1, referring to "wrong/negligent conduct," and plaintiff's statements at pp. 10 - 11 that his claims are cognizable under, inter alia, Oklahoma's law of intentional infliction of emotional distress.

claim will survive this order, to be addressed by the Magistrate Judge in future proceedings.[7]

13.

In his thirteenth objection, plaintiff complains that the Magistrate Judge raised the statute of limitations issue sua sponte, when considering whether to allow plaintiff to amend his complaint to assert <u>Bivens</u> claims. The Report considered possible future <u>Bivens</u> amendments because plaintiff stated that he may request an opportunity to amend to assert same. In these circumstances it was entirely appropriate, although not required, for the Magistrate Judge to consider whether the proposed amendment would be futile. Part of the futility inquiry may properly include consideration of whether the proposed claims would be barred by the applicable statute of limitations. Plaintiff complains the Report does not consider certain doctrines that might toll or extend the limitations period. Plaintiff, however, states no particulars that might suggest any of these doctrines even potentially apply here. This objection is without merit.

14.

In his fourteenth objection, plaintiff complains that the Magistrate Judge should have held a hearing or heard oral argument. Evidentiary hearings and oral arguments are not ordinarily held on motions to dismiss, and no hearings are necessary at this stage. This objection is without merit.

---

[7]Because the Report evaluated plaintiff's second claim only as an FTCA claim premised on the intentional tort of IIED, it does not address other issues raised in the motion to dismiss including whether the discretionary function exception applies to the second claim, whether the second claim is cognizable under the FTCA because it arguably depends on "misrepresentation" or "deceit", or whether plaintiff's second claim (or first claim) is cognizable at all under the FTCA based on other arguments made in defendant's moving brief and reply brief.

<u>Rulings</u>

Plaintiff's objections are **DENIED IN PART** and **GRANTED IN PART**, to the extent indicated in the body of this order.

The Supplemental Report and Recommendation is **ADOPTED IN PART**. With the minor **AMENDMENT** noted in this order's discussion of plaintiff's second objection, the Report is **ADOPTED** to the extent that it sets out background information and standards for evaluating plaintiff's claims (i.e. the unnumbered first part and parts II - V of the Report). The Report is also **ADOPTED** to the extent that it recommends dismissal of any constitutional claims alleged under the purview of the FTCA although such claims are dismissed without prejudice. *See,* n.1, *supra*. The Report is also **ADOPTED** to the extent that it recommends dismissal with prejudice of plaintiff's FTCA out-of-cell exercise claim, but only to the extent that this claim is premised on intentional infliction of emotional distress.

The motion to dismiss is **GRANTED IN PART** as follows. Constitutional claims alleged under the purview of the FTCA are **DISMISSED** without prejudice for lack of jurisdiction. Rule 12(b)(1), Fed. R. Civ. P. Plaintiff's FTCA out-of-cell exercise claim is **DISMISSED** under Rule 12(b)(6) but only to the extent that this claim is premised on intentional infliction of emotional distress. Defendant's motion is **DENIED IN PART** as follows. The motion is **DENIED** to the extent that it seeks dismissal of the mattress-deprivation claim under the discretionary function exception to the United States's waiver of sovereign immunity provided in the FTCA. The motion to dismiss **CONTINUES TO PEND** with respect to any grounds for dismissal not addressed in the Report and not foreclosed by this order, to be considered in future proceedings before the Magistrate Judge.

This action is **REFERRED BACK** to the Magistrate Judge for all purposes stated in the original referral including further proceedings consistent with this order.

Dated this 24th day of February, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0753p012.wpd

-13-