IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARKOS N. PAPPAS, )
)
    Plaintiff, )
)
) CIV-12-753-F
v. )
)
UNITED STATES OF AMERICA, )
)
    Defendant. )

SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION[1]

In the Order adopting in part and denying in part the previous Supplemental Report and Recommendation entered November 19, 2013, by the undersigned Magistrate Judge, the matter was re-referred to the undersigned Magistrate Judge for further initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Following this decision and re-referral, Defendant United States of America ("USA") was directed to file, and has filed, a supplemental brief addressing issues presented in the USA's previous Motion to Dismiss that were not addressed in the Supplemental Report and Recommendation as well as outstanding issues as framed in Judge Friot's Order, and its position regarding same. Petitioner has responded to the supplemental brief.

---

[1] A previously-entered Second Supplemental Report and Recommendation was stricken without prejudice by Order of the presiding judge (Doc. # 64).

1

I. Plaintiff's Claims and Background

Plaintiff, a federal prisoner confined at the Federal Correctional Institution in El Reno, Oklahoma ("FCI El Reno"), filed this action against Defendant USA under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671-2680. Plaintiff specifically states in his Complaint that he is not pursuing a "civil rights or Bivens-type" action. Thus, his cause of action is not construed as asserting any claims other than his claims asserted in the Complaint under the FTCA.

In count one of his Complaint, Plaintiff alleges that he is entitled to damages from Defendant USA for "[n]egligent/wrongful deprivation of a mattress resulting in physical/emotional injuries." He alleges, first, that in February 2011 an FCI El Reno official, disciplinary hearing officer ("DHO") J. Haines, intentionally imposed a disciplinary sanction that Plaintiff's mattress be impounded during daytime hours for a 30-day period, and that this disciplinary sanction was carried out between February 15 and March 17, 2011.

Secondly, Plaintiff alleges in count one that during this 30-day disciplinary period unidentified FCI El Reno officials in the prison's special housing unit did not provide Plaintiff a mattress and bedding "at all on Feb. 17-18 and 21-25." Complaint, at 3. Plaintiff alleges that the deprivation of a mattress and bedding either as imposed under the disciplinary sanction or as carried out by prison guards during the above-described time periods violated Bureau of Prisons' regulations.

Plaintiff further alleges in count one that the disciplinary sanction, either as entered by DHO Haines or as carried out by prison guards, caused Plaintiff "physical and emotional

2

injuries," and subjected Plaintiff to an intentional infliction of emotional distress under Oklahoma tort law.

As the undersigned previously found in the Supplemental Report and Recommendation, Plaintiff was found guilty of two misconduct offenses of Encouraging a Group Demonstration and Refusing to Obey an Order in a disciplinary hearing conducted at FCI El Reno on February 15, 2011. As sanctions for the misconducts, DHO Haines imposed disciplinary measures, including the loss of good conduct time credits, 30 days in disciplinary segregation, and "[i]mpound mattress from 0700-1900 while on [d]isciplinary segregation." DHO Haines stated that "**[t]he additional sanction impounding you[r] mattress during daylight hours while on disciplinary segregation is imposed due to your continued disruptive nature in the special housing unit and to impress upon you that further misconduct on your part will only result in greater sanctions**" (emphasis added).[2]

---

[2]In a 28 U.S.C. § 2241 action filed by Petitioner in the United States District Court for the Middle District of Pennsylvania alleging due process violations in the same disciplinary proceeding, the district court denied relief. On appeal, the United States Court of Appeals for the Third Circuit affirmed. Pappas v. Allenwood, 548 Fed.Appx. 31 (3d Cir. 2013)(per curiam)(unpublished op.). In that opinion the Third Circuit panel described the incident and resulting punishment:
> Approximately six months after [Petitioner's first disciplinary] incident, on February 2, 2011, Pappas was charged again. That evening, he did not receive a complete meal and, when his efforts to obtain one were unsuccessful, Pappas covered his cell door window and began kicking the door to create a "minimal" disturbance. As a result of his actions, Pappas received his complete meal as well as two separate disciplinary actions. Incident Report No. 2120141 ("Incident Two") charged Pappas with "Interfering With, Improperly Using Any Security Device or Procedure" and "Refusing an Order," and Incident Report No. 2119655 ("Incident Three") charged him with "Encouraging Others to Riot," "Conduct Which Disrupts or Interferes with the Security or Orderly Running of the Institution or

On appeal of the misconduct decision, a BOP administrator stated that with respect to the mattress impoundment punishment, "[a] review of your assertion that it is inappropriate to remove the mattress from your room has also been conducted. The review indicated that the removal of the mattress from your room during times when inmates are not ordinarily sleeping is appropriate. There is no evidence this sanction is arbitrary, capricious or retaliatory."

In count two, Plaintiff alleges he is entitled to damages from Defendant USA for "[n]egligent/wrongful deprivation of out-of-cell exercise resulting injuries [sic]." As support for this claim, Plaintiff alleges that FCI El Reno officials "negligently/wrongfully deprived plaintiff of the minimum period of out of cell exercise" required under BOP regulations "over a 6 month period (12/7/10-6/25/11)" because "staff . . . would <u>falsely</u> mark down that plaintiff 'refused' out-of-cell exercise." As a result of these actions by unidentified FCI El Reno officials, Plaintiff alleges he was "physically/emotionally injured . . . ."

## II. <u>FTCA</u>

"In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." <u>Ali v. Federal Bureau of Prisons</u>, 552

---

the Bureau of Prisons, Most like a 106" and "Refusing an Order." He received a copy of the incident reports, and after hearings before the UDC, the charges were referred to a DHO. For Incidents Two and Three, the DHO determined that Pappas had committed the violations of (1) "Encouraging a Group Demonstration," (2) "Interfering with a Security Procedure" and (3) two acts of "Refusing an Order." The resulting sanctions included, inter alia, the disallowance of 27 days of good conduct time and the forfeiture of 27 days of non-vested good conduct time." <u>Pappas</u>, 548 Fed.Appx. at 32.

U.S. 214, 217-218 (2008)(citing 28 U.S.C. § 1346(b)(1)). In relevant part, the FTCA authorizes "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Id. at 218. See 28 U.S.C. § 1346(b)(1). The USA may be held liable under the FTCA "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674 ("The United States shall be liable respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."). In other words, "an action under FTCA exists only if the State in which the alleged misconduct occurred would permit a cause of action for that misconduct to go forward." Carlson v. Green, 446 U.S. 14, 23 (1980).

The FTCA is not a remedy for violations of citizens' constitutional rights. Id. Because the "law of the State [is] the source of substantive liability under the FTCA," the "United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." FDIC v. Meyer, 510 U.S. 471, 478 (1994).

III. Motion to Dismiss

Defendant USA moved to dismiss the cause of action on multiple grounds. With respect to Plaintiff's claim in count one that the mattress-impoundment disciplinary sanction for a misconduct conviction was not allowed under federal regulations and with respect to Plaintiff's claim in count two that prison officials falsely determined Plaintiff had refused

5

recreation, Defendant USA moved to dismiss the claims as barred by the FTCA's discretionary function exception set forth in 28 U.S.C. § 2680(a).

With respect to Plaintiff's claim in count one that he was deprived of a mattress and bedding for a period of time longer than that imposed by DHO Haines (the mattress-impoundment punishment "as carried out" claim) and with respect to Plaintiff's out-of-cell exercise claim in count two, Defendant USA moved to dismiss the claims as barred by the FTCA's exception for misrepresentation or deceit set forth in 28 U.S.C. § 2680(h).

Defendant USA also moved to dismiss the claims for failure to allege a cognizable FTCA claim based on an actionable duty of care under Oklahoma tort law. Defendant USA moved to dismiss Plaintiff's mattress-impoundment claim stemming from disciplinary punishment as barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994). Finally, Defendant USA moved to dismiss all of Plaintiff's claims because they allege only constitutional torts not cognizable under the FTCA.

Plaintiff responded in opposition to each of Defendant USA's grounds for dismissal.

IV. Order

By Order entered February 24, 2014, District Judge Friot found that the FTCA's discretionary function exception does not apply with respect to Plaintiff's mattress-deprivation claims in count one. Further, with respect to Plaintiff's mattress-deprivation claims in count one Judge Friot found "plaintiff arguably could establish a breach of duty based on BOP employees' alleged violation of the governing regulations" sufficient to assert a "negligence per se" claim under the FTCA. Judge Friot left open for future proceedings

6

"grounds for dismissal not addressed" in the Supplemental Report and Recommendation, as well as the issues as framed in the Order of whether the mattress-deprivation claim asserted in ground one under the FTCA could be "premised on negligence per se, and whether plaintiff should be permitted to allege or proceed with his mattress-deprivation claim as an FTCA claim premised on intentional infliction of emotional distress."

With respect to Plaintiff's out-of-cell exercise claim in count two, Judge Friot found Plaintiff had not alleged a plausible claim premised on intentional infliction of emotional distress but had "clearly alleged . . . a claim for negligence based on violation of federal regulations." Further, District Judge Friot dismissed without prejudice Plaintiff's constitutional claims purportedly brought under the FTCA.

V. Negligence Per Se

Tort law imposes a duty on those with custody of another to protect that person "against unreasonable risk of physical harm," Restatement (Second) of Torts § 314A(1)(a), (4) (1965). However, the conditions of a prisoner's confinement are generally determined with reference to constitutional standards. In Ramos v. Lynn, 639 F.2d 559, 568 (10th Cir. 1980), for instance, the Tenth Circuit Court of Appeals found that "a state must provide within such living space reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (i.e., hot and cold water, light, heat, and plumbing)" to comply with the Eighth Amendment's right to be free of cruel and unusual punishment. See also Mitchell v. Maynard, 80 F.3d 1433, 1442 (10th Cir. 1996)(holding inmate stated claim of Eighth Amendment deprivation where allegations indicated inmate was "stripped of his clothing,

7

placed in a concrete cell, with no heat at a time when nighttime temperatures hovered in the mid-fifties, provided no mattress, blankets or bedding of any kind, deprived of his prescription eyeglasses, not allowed to leave his cell for exercise, not provided with writing utensils, not provided with adequate ventilation, not provided with hot water, and only sometimes allowed minimal amounts of toilet paper" and "conditions supposedly lasted for a period of days, weeks and months depending on the condition . . . .").

It is not clear that the denial of a mattress during 14-hour periods of time over a 30-day period as a disciplinary measure or the denial of a mattress for 24-hour periods of time over a 7-day, nonconsecutive period of time would present an unreasonable risk of physical harm. It is also not clear that failing to give a prisoner five hours of out-of-cell exercise per week over a six month period presented an unreasonable risk of physical harm. However, Plaintiff has opted to present his claims against the USA under the FTCA based not on constitutional standards, but on a negligence per se theory based on an alleged violation of BOP regulations. See Plaintiff's Response in Opposition to Motion to Dismiss Complaint (Doc. # 49), at 8 (arguing "Defendant ignores the fact that BOP staff ignored their duties and obligations imposed per specific and unequivocal federal regulations that are in place to guide and govern the conduct of BOP staff [and] the discretionary function exception does not apply"), 9 ("The claims [in this action] arise out of a failure to follow federal regulations that govern mattresses, bedding, and out of cell exercise.").

In Defendant USA's supplemental brief, Defendant asserts that a violation of BOP regulations does not provide a basis for liability under the FTCA because there is no parallel

common law duty under Oklahoma law and no implied private cause of action for violation of BOP regulations. Defendant's argument is well taken.

The Tenth Circuit Court of Appeals has stated that "where a negligence claim is based on a violation of a federal . . . regulation, no claim will lie under the FTCA in the absence of some other duty under the applicable state law." Klepper v. City of Milford, 825 F.2d 1440, 1448 (10th Cir. 1987). Thus, "[e]ven if specific behavior is statutorily required of a federal employee, the government is not liable under the FTCA unless state law recognizes a comparable liability for private persons." Ayala v. United States, 49 F.3d 607, 610-611 (10th Cir .1995). The court must "look to the law of the state in which the alleged tortious activity occurred to resolve questions of liability under the FTCA." Id. at 611.

In Plaintiff's objection to the Supplemental Report and Recommendation (but not in his Complaint or responsive pleading), Plaintiff relied on the Oklahoma Supreme Court's opinion in Howard v. Zimmer, 299 P.3d 463 (Okla. 2013), to support his assertion that he stated claims against Defendant USA under a negligence per se theory for violation of BOP regulations. In Howard, the state appellate court responded to a certified question from the United States Court of Appeals for the Tenth Circuit. The Oklahoma Supreme Court was asked whether a provision of the Federal Food, Drug, and Cosmetic Act ("FDCA") providing that all violations of the FDCA shall be prosecuted in the name of the United States prohibited Oklahoma from recognizing a claim for negligence per se against a medical device manufacturer based on violation of a federal regulation under the Medical Device Amendments ("MDA") to the FDCA. Id. at 465.

The court first recognized that the "negligence per se doctrine is employed to substitute statutory standards for parallel common law, reasonable care duties." Id. at 465 n. 3, 467. "When courts adopt statutory standards for causes of action for negligence, the statute's violation constitutes negligence per se. To establish negligence per se, the plaintiff must demonstrate the claimed injury was caused by the violation, and was of the type intended to be prevented by the statute. Finally, the injured party must be one of the class intended to be protected by the statute." Id. at 467.

Relying on the Supreme Court's decision in Riegel v Medtronic, Inc., 552 U.S. 312 (2008), in which the Court acknowledged that the MDA would not prevent a state from providing a damages remedy for claims premised on violation of FDCA regulations, the Oklahoma Supreme Court recognized that the plaintiff in Howard was seeking to present a tort claim against a medical device manufacturer where the state common-law tort duty was parallel to federal FDCA regulations, and it found that such a claim should proceed. In response to the certified question, the court found that "Oklahoma law allows private individuals to maintain a parallel claim for negligence per se based on violation of a federal regulation whose enforcement lies with a governmental entity." Id. at 467.

The Oklahoma Supreme Court noted in Howard that it had "adopted a three-part test for determining whether a private right of action may be implied from a regulatory statute." Id. at 473 n. 38. The court recognized, as set out in the court's previous decision in Holbert v. Echeverria, 744 P.2d 960 (Okla. 1987), that "the factors to be considered are whether: 1) the plaintiff is one of the class for whose especial benefit the statute was enacted; 2) there is

10

some explicit or implicit legislative intent suggesting the desire to create a private remedy and not to deny one; and 3) implying a remedy for the plaintiff would be consistent with the underlying purposes of the legislative scheme." Id. The court concluded that the federal regulation at issue in Howard satisfied these requirements. Id.

Plaintiff's reliance on the Oklahoma Supreme Court's decision in Howard is misplaced. Plaintiff's FTCA action is against the United States government, not a private medical device manufacturer. His action is based on the alleged violation of BOP regulations governing custodial conditions of federal prisoners' confinement, not federal regulations designed to protect consumers or other individuals. Plaintiff has not suggested that any private right of action can be implied from BOP regulations or that BOP regulations have been adopted in Oklahoma as a standard of care, and no express or implied parallel state tort duty has been alleged or can be found.

To hold otherwise would obliterate the express language of the statute creating the FTCA remedy, which provides that the United States is liable for the tortious acts or omissions of its agents only "under circumstances where the United States, **if a private person**, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1)(emphasis added). See Black Hills Aviation, Inc. v. United States, 34 F.3d 968, 973 n. 2 (10th Cir. 1994)("The violation of a federal regulation in and of itself is not a basis for liability under the FTCA."); Delta Savings Bank v. United States, 265 F.3d 1017, 1026 (9th Cir. 2001)("To bring suit under the FTCA based on negligence per se, a duty must be identified, and this duty cannot spring from a federal

11

law."); Sea Air Shuttle Corp. v. United States, 112 F.3d 532, 536 (1st Cir. 1997)("It is virtually axiomatic that the FTCA does not apply 'where the claimed negligence arises out of the failure of the United States to carry out a [federal] statutory duty in the conduct of its own affairs.'").

Title 28 U.S.C. § 2680(h), as succinctly interpreted by the Supreme Court, provides "the Government is not liable for the intentional torts of its employees." United States v. Muniz, 374 U.S. 150, 163 (1963). Plaintiff has alleged only intentional actions by BOP officials in his Complaint. Accordingly, Defendant's Motion to Dismiss Plaintiff's claims against Defendant USA under the FTCA in counts one and two should be granted, and the cause of action should be dismissed without prejudice for failure to state a plausible claim upon which relief may be granted.[3]

## VI. Intentional Infliction of Emotional Distress

In his Complaint Plaintiff does not specifically allege that he is seeking damages in count one for the tort of intentional infliction of emotional distress ("IIED"). However, in his responsive pleading, Plaintiff asserts that he has stated claims under Oklahoma's tort for

---

[3]In light of this finding and recommendation, it is not necessary to address Defendant USA's alternative argument that the FTCA's discretionary function exception or the FTCA's exception for misrepresentation or deceit applies to preclude judicial review of Plaintiff's claims. Suffice it to say, however, that it does not appear these exceptions would apply to the Plaintiff's claims. See United States v. Gaubert, 499 U.S. 315, 322 (1991)("[I]f a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow . . . the employee has no rightful option but to adhere to the directive, and the discretionary function exception does not apply.")(internal quotation omitted); Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 855 (10th Cir. 2005)(FTCA's misrepresentation exception applies to claims involving reliance and pecuniary loss as these are essential components of negligent misrepresentation).

IIED. Defendant asserts that Plaintiff has failed to state a plausible IIED claim. Judge Friot found that Plaintiff had not stated a plausible IIED claim with respect to his out-of-cell exercise claim in count two.

In Oklahoma, a claim of intentional infliction of emotional distress is an independent tort which requires proof by the plaintiff that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe." Trentadue, 397 F.3d at 855-856(applying Oklahoma law). "The second element of the tort requires proof that the tortfeasor's conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" Id. at 856 (quoting Kraszewski v. Baptist Med. Ctr. of Okla., Inc., 916 P.2d 241, 248 n. 25 (Okla. 1996)(internal quotation omitted)). Additionally, "the setting in which the conduct occurred" must be considered in determining whether the tortfeasor's conduct was extreme and outrageous. Id. The "fourth element requires proof that the plaintiff's emotional distress was 'so severe that no reasonable [person] could be expected to endure it.'" Id. (quoting Computer Publications, Inc. v. Welton, 49 P.3d 732, 736 (Okla. 2002)). "The intensity and the duration of the distress are factors to be considered in determining its severity." Breeden v. League Services Corp., 575 P.2d 1374, 1378 n. 6 (Okla. 1978).

In this case, Plaintiff alleges in count one that he was deprived of a mattress and bedding due to a disciplinary sanction during 14-hour periods of the day for a thirty-day

period and that on February "17-18" and "21-25" during that thirty-day punishment period prison officials either intentionally or negligently deprived him of a mattress and bedding for the nighttime periods (or 24 hours a day) as well.

These allegations do not reflect conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Id. at 1378 (Okla. 1978). In DHO Haines' report of the disciplinary hearing, DHO Haines provided reasons for the disciplinary punishment imposed upon Plaintiff revealing that the punishment was imposed to attempt to correct Plaintiff's repeated misbehavior and the seriousness of his infractions. DHO Haines stated that "[e]ncouraging others to participate in a group demonstration and refusing orders of staff will not be tolerated in the correctional environment, especially in the special housing unit" and "[t]he additional sanction impounding you[r] mattress during daylight hours while on disciplinary segregation is imposed due to your continued disruptive nature in the special housing unit and to impress upon you that further misconduct on your part will only result in greater sanctions." Motion to Dismiss (Doc. # 36), att. 1, at 4.

Given the context in which the punishment was imposed, the legitimate reasons given for imposing the punishment, the short-term nature of the punishment, and the absence of "extreme and outrageous conduct" on the part of any prison official in imposing or carrying out the disciplinary punishment, Plaintiff has not stated a claim of IIED. Moreover, the Plaintiff's temporary loss of bedding claims in count one are not so extreme as to be "beyond all bounds of decency." See Chappell v. Mandeville, 706 F.3d 1052, 1060 (10th Cir.

14

2013)(forcing inmate to sleep without a mattress for seven days while on contraband watch did not violate Eighth Amendment); O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82, 84 (8th Cir. 1996)(holding three days without a blanket and mattress during a disciplinary confinement did not violate the Eighth Amendment). Defendant's Motion to Dismiss Plaintiff's IIED claim in count one should therefore be granted, and the claim should be dismissed without prejudice for failure to state a plausible IIED claim for relief.

VII. Bar of Heck v. Humphrey

Defendant contends that Plaintiff's claims in count one are barred from judicial review under the doctrine established in Heck v. Humphrey, 512 U.S. 477, 486 (1994). In this circuit, it is clear that the FTCA is not an appropriate vehicle for challenging the validity of outstanding criminal judgments. Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995). Plaintiff has not, however, challenged the fact of his misconduct conviction or the duration of his confinement. Therefore, the doctrine in Heck has no application in this case, and the Motion to Dismiss Plaintiff's claims in count one on the basis of Heck should be denied.

RECOMMENDATION

Based on the foregoing findings, it is recommended Defendants' Motion to Dismiss (Doc. # 36) be GRANTED and the cause of action be dismissed without prejudice for failure to state a plausible claim upon which relief may be granted under the FTCA. The parties are advised of their respective right to file an objection to this Second Supplemental Report and Recommendation with the Clerk of this Court by ___ May 28th ___, 2014, in accordance with

28 U.S.C. § 636. The failure to timely object to this Second Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Second Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

DATED this ___8th___ day of ___May___, 2014.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE