# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| MARKOS N. PAPPAS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-12-0753-F |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## ORDER

Before the court are the Second Supplemental Report and Recommendation of United States Magistrate Judge Gary H. Purcell (SSRR, doc. no. 70) and Plaintiff's Objections to that report and recommendation (doc. no. 75). The magistrate judge recommended that defendant's motion to dismiss (doc. no. 36) be granted and the plaintiff's cause of action be dismissed without prejudice for failure to state plausible claims on which relief may be granted under the Federal Tort Claims Act (FTCA). Specifically, the magistrate judge concluded that plaintiff could not pursue his mattress-deprivation and out-of-cell exercise claims as negligence *per se* under the FTCA because the FTCA only permits suit in circumstances where a private person would be liable under the law of the place where the act occurred and there are no state laws parallel to the federal regulations. In other words, the violation of a federal regulation in and of itself is not a basis for liability under the FTCA. *See* Second Supplemental Report and Recommendation at p. 11, quoting Black Hills Aviation, Inc. v. United States, 34 F.3d 968, 973 n.2 (10th Cir. 1994). Secondly, the magistrate judge concluded that neither the mattress-deprivation claim or the out-of-cell exercise

claim stated plausible claims for intentional infliction of emotional distress because the conduct involved was not extreme and outrageous and beyond all bounds of decency. *Id.* at 14.

Plaintiff has filed twelve objections, not counting subparts, to the Second Supplemental Report and Recommendation. Many of the objections are not substantive or outcome-determinative. Nevertheless, the court will address all objections seriatim.

1.

First, plaintiff objects to the magistrate judge's reference on page 2 of the SSRR to plaintiff's allegation of intentional conduct by Bureau of Prison employee J. Haines. Plaintiff is correct that plaintiff has alleged only "negligent/wrongful" conduct of J. Haines in depriving plaintiff of a mattress. *See* complaint at p. 2.

2.

Plaintiff's second objection is directed to footnote 2 of the SSRR at pp. 3-4. Plaintiff is correct that the administrative proceedings referenced in that footnote are irrelevant.

3.

In his third objection, plaintiff takes issue with the magistrate judge's attribution to plaintiff of a missing word. Plaintiff's caption omits the word "in." *See* complaint at Count II, p. 4. Accordingly, the magistrate judge did not err in using "sic" to refer to plaintiff's omission of the word "in."

4.

Plaintiff next objects to the failure of the SSRR to cite to United States v. Muniz, 374 U.S. 150 (1963), or any of its progeny, in discussing the standards governing FTCA claims at pp. 4-5. Plaintiff further objects to the failure of the magistrate judge to note the "wrongful" aspect of the allegations in the complaint.

There is no issue but that prisoners may maintain suits against the United States under the Federal Tort Claims Act for injuries sustained during confinement in prison by reason of negligence of government employees, so citation to Muniz or its progeny was unnecessary. The court has already noted plaintiff's allegation of "wrongful" conduct. *See* 1, *supra*.

5.

Plaintiff next objects to the following statement of the magistrate judge on p. 8 of the SSRR:

> It is not clear that the denial of a mattress during 14-hour periods over a 30-day period as a disciplinary measure or the denial of a mattress for 24-hour periods of time over a 7-day, non-consecutive period of time would present an unreasonable risk of physical harm. It is also not clear that failing to give a prisoner five hours of out-of-cell exercise per week over a six month period presented an unreasonable risk of physical harm.

Doc. no. 70 at p. 8. The basis of plaintiff's objection to this statement is that federal regulations in effect at all times relevant to the complaint mandated a mattress and bedding at all times, as well as a minimum of out-of-cell exercise each week. However, the fact that federal regulations mandated these things does not dictate that the deprivation of those things posed an unreasonable risk of harm. The magistrate judge did not overrule the court on this point, contrary to plaintiff's suggestion.

6.

In his sixth objection, plaintiff objects to the magistrate judge's description of defendant's argument and the magistrate judge's agreement with that argument. The argument is "that a violation of BOP's regulations does not provide a basis for liability under the FTCA because there is no parallel common law duty under Oklahoma law and no implied private cause of action for violation of BOP regulations." Plaintiff's arguments at pp. 8-9 of his response to defendant's supplemental brief, which he

incorporates in this objection, ignore the fact that Muniz specifically recognized that whether a claim can be made out against the United States depends on whether a private individual under like circumstances would be liable under state law. Muniz, 374 U.S. at 152-53.

7.

In his seventh objection, plaintiff objects to the magistrate judge's discussion of Howard v. Zimmer, 299 P.3d 463 (Okla. 2013), and the magistrate judge's attempt to distinguish and limit its reach. Plaintiff objects based on his arguments at pp. 9-13 of his response to defendant's supplemental brief (doc. no. 68 at 9-13). The court has reviewed plaintiff's arguments but agrees with the distinctions that the magistrate judge finds between this case and Howard v. Zimmer. *See* SSRR at pp. 11-12.

8.

In the first subpart of plaintiff's eighth objection, plaintiff objects to the magistrate judge's quotation from Muniz at p. 12 as incomplete and taken out of context. Plaintiff further argues that his claims could go forward under the FTCA as assault/battery. But plaintiff's quotation from Muniz does not alter the result herein and plaintiff's claims do not amount to assault or battery.

In the second subpart of his eighth objection, plaintiff points out that he has not alleged an intentional tort but only "negligent/wrongful" conduct by BOP employees in executing the duty of care with respect to providing a mattress, bedding and out-of-cell exercise. But intentional infliction of emotional distress is a form of wrongful conduct which the magistrate judge fairly considered.

In the third subpart of plaintiff's eighth objection, plaintiff raises new matter by citation to Limone v. United States, 336 F.Supp.2d 18, 40-41 (D. Mass. 2004), and by argument that falsely recording that plaintiff refused out-of-cell exercise amounted to

concealment, which will not be considered because first raised in the objections to the SSRR.

In the fourth subpart of plaintiff's eighth objection, plaintiff maintains that 28 U.S.C. § 2680(h) was not invoked by defendant, that it does not apply here, and that to the extent the magistrate judge raised it, he violated the "principle of party presentation." But defendant did move to dismiss plaintiff's claims based in part on § 2680(h), *see* doc. no. 36 at pp. 17, as the magistrate judge mentioned at p. 6 of the SSRR, although the magistrate judge did not address that argument in the SSRR. Plaintiff's objection is without merit.

9.

In his ninth objection, plaintiff criticizes the magistrate judge for assessing plaintiff's mattress deprivation claims from the perspective of cause rather than effect. He also contends he was subject to torture that is not even approved for terrorists. He further criticizes the magistrate judge as failing to recognize that the applicable regulations did not authorize the sanctions as imposed or carried out. He further claims that the cases cited by the magistrate judge, Cappell v. Mandeville, 706 F.3d 1052, 1060 (10th Cir. 2013), and O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82, 84 (8th Cir. 1996), are distinguishable from this case. Finally, plaintiff suggests that the magistrate judge found that DHO Haines was justified in imposing the "impound mattress" sanction, contrary to this court's finding that the applicable regulations did not authorize such sanctions.

These objections all relate to the magistrate judge's consideration of plaintiff's claims as potential claims for intentional infliction of emotional distress. *See* doc. no. 70 at pp. 12-15. The court has reviewed that section of the SSRR *de novo* in light of plaintiff's objections and fully concurs in the magistrate judge's findings and conclusions. Plaintiff's objections are without merit. Nothing indicates that the

magistrate judge failed to recognize that the mattress-deprivation sanctions as imposed or as carried out were unauthorized, which was made clear in this court's order of February 24, 2014 (doc. no. 57). The cases cited by the magistrate judge were cited for their persuasive value because they contained similar but not identical fact patterns, as revealed in the parentheticals attendant to the case citations. Finally, the magistrate judge never held that DHO Haines's actions were justified, only that they were not so extreme and outrageous and beyond all bounds of decency as necessary to form the basis of an IIED claim.

10.

In his tenth objection, plaintiff takes issue with footnote 3 of the SSRR (doc. no. 70, n. 3 at p. 12). Specifically, he objects to the magistrate judge's failure to rule on the applicability of the discretionary function exception or the FTCA's exception for misrepresentation or deceit as applied to plaintiff's claims. He points out that the magistrate judge acknowledged that these exceptions do not appear to apply to plaintiff's claims but did not specifically rule on those exceptions. Plaintiff seeks a ruling to resolve all of the issues raised in defendant's brief so that the parties will know where they stand.

The court has already ruled that the discretionary function exception is not applicable to plaintiff's mattress-deprivation claims. *See* order of February 24, 2014 (doc. no. 57) at pp. 9-10 & 12. For the reason set forth in footnote 3 of the SSRR, the court holds that the discretionary function exception does not apply to plaintiff's out-of-cell exercise claim. Also for the reason set forth in footnote 3 of the SSRR, and as argued by plaintiff, *see* doc. no. 68 at p. 3, citing doc. no. 49 at p. 9, the FTCA's misrepresentation exception does not apply to plaintiff's out-of-cell exercise claim.

11.

In his eleventh objection, plaintiff objects to the lack of opportunity to be heard orally, either by telephonic or video conference. Oral arguments are not ordinarily held on motions to dismiss, and oral argument is not warranted here. This objection is without merit.

12.

In his twelfth objection, plaintiff simply incorporates all arguments and objections previously made. There is no reason to revisit all of the prior arguments and objections.

### Ruling

In accordance with the foregoing, the Second Supplemental Report by the magistrate, **AS AMENDED** by this order, is **ADOPTED** in its entirety, defendant's motion to dismiss (doc. no. 36) is **GRANTED**, and plaintiff's complaint is dismissed without prejudice for failure to state a plausible claim on which relief can be granted under the FTCA.

As this action is now closed, the recently filed motion at doc. no. 76 (which asks the court to compel the Bureau of Prisons to provide plaintiff with four hours of weekly law library access and with access to electronic document preparation, for the duration of these proceedings) is **STRICKEN**.

Dated July 22, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0753p015 REV .wpd